IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM J. PLATEK, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1607 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| SAFEGUARD PROPERTIES INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

For the reasons that follow, Defendants' Motions to Dismiss (Docs. 9 & 11) will be granted, without prejudice to Plaintiff's filing an amended complaint.

Plaintiff has brought this action against Defendants, Safeguard and HSBC Mortgage Services Inc., claiming federal question jurisdiction based on Defendants' purported violations of the Fair Debt Collection Practices Act ("FDCPA"). *See* Am. Compl. (Doc. 14) at ¶ 1. Plaintiff also asserts state law claims pursuant to the supplemental jurisdiction statute. *See id.* (citing 28 U.S.C. § 1367).

The thrust of Plaintiff's lawsuit is that Safeguard, at the behest of HSBC, unlawfully entered Plaintiff's house, after he defaulted on his mortgage and during the pendency of foreclosure proceedings, and removed (and has not returned) his personal effects. *See generally* Am. Compl. Plaintiff claims that Safeguard "broke into [his] home" and removed his things sometime between May 10 and May 17, 2012, and that HSBC did not lawfully hold title over his home until June 12, 2012. *See id.* at ¶¶ 23-24, 29-30.

A threshold issue presented in Defendants' Motions to Dismiss is whether Plaintiff has offered sufficient allegations that they are "debt collectors," as defined under the FDCPA. *See* HSBC's Br. (Doc. 10) at 4-8 (arguing that HSBC, at most, was "a creditor seeking to collect its own debt"); Safeguard's Br. (Doc. 12) at 4-11 (Safeguard "is not in the business of collecting debts, but rather is in the business of property preservation," and it entered Plaintiff's home "to winterize it and clean it"). The Court agrees with Defendants that Plaintiff's conclusory allegations regarding their purported debt collector-status are insufficient under Rule 12(b)(6), particularly given the "plausibility" standards applicable under *Iqbal* and *Twombly*. *Compare* Am. Compl. at ¶¶ 6, 8 (summarily asserting that Defendants were "debt collector[s]" as defined in FDCPA) *with* Franklin v. GMAC Mortg., 2013 WL 3188728, *2 (3d Cir. Jun. 21, 2013) (affirming district court's dismissal of FDCPA claim where plaintiff had "failed to establish or provide any factual support for his conclusory allegation that [defendant wa]s a 'debt collector' within the meaning of the [Act]").

Notably, both Plaintiff's opposition brief and Defendants' opening and reply briefs present additional purported facts and/or argument regarding whether or not Defendants are debt collectors. *See, e.g.*, Pl.'s Opp'n Br. (Doc. 17) at 6 (alleging, for first time, that "Safeguard used an instrumentality of interstate commerce, in this case a truck, a dumpster, or other vehicle," thereby fulfilling FDCPA's "interstate commerce" requirement) *and id.* at 10 (asserting facts and argument in support of theory that HSBC was debt collector, rather than creditor, because Plaintiff's mortgage already was in default when it was assigned to HSBC); *see also* Safeguard's Br. (Doc. 12) at 8 (asserting, as factual matter outside of pleadings, that Safeguard "is not in the business" of debt collection, but rather "property preservation," and citing one court's decision rejecting Safeguard's status as debt collector under FDCPA)

*and* HSBC's Reply Br. (Doc. 20) at 2 (citing and attaching evidence, outside complaint, that HSBC purchased Plaintiff's mortgage in 2006, well before foreclose proceedings were commenced). Just as the law is clear that Plaintiff cannot amend his pleadings in an opposition brief, it is equally clear that, absent a conversion to summary judgment, Defendants cannot demonstrate entitlement to dismissal based on matters outside the pleadings.

In short, there are too many allegations and arguments falling outside the scope of the Amended Complaint for the Court meaningfully to resolve the parties' disagreements regarding Defendants' purported "debt collector" status. Given that the Court's exercise of supplemental jurisdiction may well hinge on the viability of Plaintiff's FDCPA claims, moreover, the Court will not now engage the parties' various arguments regarding Plaintiff's state law claims. *Cf. generally* Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) ("absent extraordinary circumstances, where the federal causes of action are dismissed[,] the district court should ordinarily refrain from exercising [supplemental] jurisdiction") (citation to quoted source and internal alterations omitted).

In light of the foregoing, Defendants' Motions to Dismiss will be granted, and Plaintiff's Amended Complaint will be dismissed, without prejudice to his being given a final opportunity for amendment.[1] Before scheduling a deadline for re-pleading, however, the Court will hold a status conference to discuss whether Defendants' arguments for dismissal should be converted to

---

[1] Plaintiff already once has amended his complaint, and he did so *after* Defendants presented their arguments for dismissal. *Compare* Docs. 9 & 11 (Defendants' current Motions to Dismiss, filed on January 28 and January 30, 2013) *with* Pl.'s Am. Compl. (filed on February 7, 2013, and failing to include amendments addressing Defendants' arguments for dismissal). Having already once stood on his pleadings in the face of Defendants' arguments for dismissal, Plaintiff's next opportunity for amendment will be his last.

requests for summary judgment, after a voluntary exchange of information between the parties or limited, expedited discovery.[2]

In addition, the parties should consider whether it is in their best interests to attempt to amicably resolve their disputes, as opposed to re-pleading and re-briefing the FDCPA issue, especially given the pendency of Plaintiff's state law claims. Those claims create a fair amount of uncertainty, for if the Court resolves the FDCPA issue in one Defendant's favor but not the other's, the Court and parties would have to consider whether Plaintiff's state law claims against the FDCPA-successful Defendant nevertheless should proceed under 28 U.S.C. § 1367. *Cf. id.* at § 1367(c)(3) (district courts may decline to exercise supplemental jurisdiction where it "has dismissed <u>all</u> claims over which it has original jurisdiction") (emphasis added). Moreover, regardless of whether Plaintiff's state law claims may be asserted here, or in some other tribunal, notions of justice counsel strongly in favor of Plaintiff's enjoying some avenue for recovery. Presumably, Plaintiff's personal effects did not disappear into thin air, and, assuming the items cannot be returned, it seems almost necessary that one or both of the Defendants will have derived benefit from the sale of Plaintiff's items or otherwise may be liable for their disposal.

For all of the reasons stated above, Defendants' Motions to Dismiss (**Docs. 9 & 11**) are **GRANTED**, without prejudice to amendment, and the parties shall appear for a Status Conference in the undersigned's Chambers on <u>**October 10, 2013, at 10:45 a.m.**</u> At least three (3) business days prior to the Status Conference, counsel for each party shall submit to the Court a <u>brief</u> confidential position letter setting forth: (a) the strengths and weaknesses of the

---

[2] The Court's analyses almost certainly will benefit from a more complete record. Indeed, should Defendants place on the record evidentiary support for the factual averments in their briefs, Plaintiff's arguments regarding debt-collector status may be substantially undermined, if not entirely discredited. *Cf., e.g.*, discussion *supra* in text (highlighting HSBC's evidence that it held ownership interest in Plaintiff's mortgage since 2006).

submitting party's case; and (b) the submitting party's settlement posture.  To ensure candor, the position letters are not to be filed nor shared with opposing counsel, but rather faxed directly to this Court's Chambers at (412) 208-7467.  All position letters will be kept CONFIDENTIAL.

Finally, parties with full settlement authority, including insurance carriers, **must** be available by telephone for the duration of the Conference.  A person with full settlement authority is someone who is **not** required to consult with other individuals to obtain approval for any proposed settlement term or amount.[3]

IT IS SO ORDERED.


September 25, 2013                                                          s\Cathy Bissoon
                                                                                       Cathy Bissoon
                                                                                       United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[3] The parties also may wish to consider participating in this Court's Expedited Civil Litigation Program.  *See* website at:  http://www.pawd.uscourts.gov/Documents/Forms/EXPEDITED_DOCKET.pdf.  Although this discussion is, under the strict provisions of the Program, premature, the Court is willing to facilitate the parties' prompt participation should they each express an interest.